United States District Court
Southern District of Texas

**ENTERED**

April 26, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMONA GALLEGOS | § | |
| | § | |
| Petitioner | § | |
| VS. | § | MISC. ACTION NO. 6:22-MC-00002 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ramona Gallegos has filed, through counsel, a "Verified Petition to Investigate a Potential Claim" in which she invokes Texas Rule of Civil Procedure 202.1(a-b) and seeks to depose a Texas Ranger regarding the shooting of her son by a Deputy United States Marshal. (D.E. 1 at 1-4). For the reasons discussed further below, it is recommended that this case be DISMISSED for lack of jurisdiction.

### I. PETITION

In her petition, Gallegos states that she is a resident of Victoria, Texas. (*Id.* at 1). She contends that this Court has subject-matter jurisdiction because the United States has interests adverse to her interests where she intends to use the information obtained to file a wrongful death lawsuit against a United States Marshal. (*Id.*).

Gallegos alleges that her son, Javier "JD" Lane, was shot and killed by a Deputy United States Marshal ("the Marshal") on January 5, 2022. (*Id.* at 2). The lead investigator of the shooting is Texas Ranger John Lingle, who resides and works in Victoria, Texas. (*Id.* at 1-2). Gallegos has not been able to ascertain the name, address, or phone number of the Marshal, and the Texas Rangers and Victoria County District Attorney have denied

her requests to identify the Marshal or provide information about the circumstances of the shooting.  (*Id.* at 2-3).  Gallegos intends to bring suit against the Marshal under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), but cannot do so until she knows who the Marshal is.  (*Id.* at 3).  Accordingly, Gallegos seeks to use Texas Rule of Civil Procedure 202.1(a-b) to depose Ranger Lingle about his investigation and determine the identity of the Marshal.  (*Id.*).

## II.   APPLICABLE LAW

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Texas Rule of Civil Procedure 202 concerns the taking of deposition before suit or to investigate claims.  Under Rule 202.1, a "person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit."  Tex. R. Civ. P. 202.1(a-b).

Regarding a petition under Rule 202.1, another court in this district recently declined to "oversee a state-created procedural mechanism or find that original jurisdiction exists because discovery might lead the filing of a potential federal claim."  *Gutierrez v. City of Port Isabel*, No. 1:20-CV-201, 2021 WL 1320749, at *4 (S.D. Tex. Mar. 16, 2021), *report and recommendation adopted,* No. 1:20-CV-00201, 2021 WL 1377163 (S.D. Tex. Apr. 9, 2021).  The court noted that Federal Rule of Civil Procedure 27 offers a similar process, but that the two rules do not serve the same purpose and Rule 202 is a much broader investigatory mechanism. *Id.*

2

### III.  DISCUSSION

Here, as in *Gutierrez*, Gallegos has not shown that this Court has jurisdiction over her petition merely because discovery might lead to the filing of a potential federal claim. Gallegos relies on 28 U.S.C. § 1331 to establish jurisdiction, but § 1331 requires a claim that "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The only claim in the petition arises under Texas Rule of Civil Procedure 202.1, which is not part of the Constitution, laws, or treaties of the United States.  To be sure, Gallegos's ultimate goal is to file a *Bivens* lawsuit in federal court, but this Court does not have jurisdiction over her Rule 202.1 petition merely because she intends to use Rule 202.1 to find information allowing her to file a federal lawsuit that this Court could properly exercise jurisdiction over.  Further, that Gallegos intends to file this future lawsuit against a United States Marshal does not affect the current jurisdictional issue.  It is unnecessary to determine whether this Court could properly exercise jurisdiction over a Rule 202.1 seeking the deposition of a United States Marshal because that is not the remedy that Gallegos seeks.  Instead, she seeks to depose a Texas Ranger.

Gallegos deserves the opportunity to determine the facts of her son's shooting and whether she has a potential claim.  However, her present petition does not raise a federal claim.  Rule 202.1 is a state procedural mechanism and she seeks to depose a state employee.  That she intends to use the information uncovered during the deposition to subsequently file a federal claim does not extend original jurisdiction over her petition to this Court.

## IV.  RECOMMENDATION

Accordingly, it is recommended that this case be DISMISSED for lack of jurisdiction.

Respectfully submitted on April 26, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).